WAY *v.* SIMMONS.

Debt by the assignee against the maker of a promissory note. Plea, that the note was given for the price of two town-lots sold by the payee to the defendant; that the time for conveying the lots was passed; and that the payee had not made or offered to make a good deed in fee for the lots to the defendant as he was bound to do. Replication, that the payee had conveyed the lots as he was bound to do by his agreement. Rejoinder, that the payee had not conveyed the lots in fee to the defendant, on which issue was joined. *Held,* that the plaintiff could not recover without proof that both lots had been conveyed according to the contract.

Where there are several issues in fact arising from pleas to the whole cause of action, the plaintiff cannot recover unless he succeed on all the issues.

ERROR to the *Randolph* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced by *Simmons,* assignee of *Conner,* against *Jesse Way* and *Edmund B. Goodrich,* on a promissory note. The defendants pleaded *nil debet* without oath. They also pleaded several special pleas, one of which was to the following effect: The defendants say *actio non,* because they say that the note was given for the consideration-money for lots Nos. seven and twelve in the town of *Winchester,* which lots *Conner* had sold to *Way,* one of the defendants; that the time for conveying the lots has long since passed; and that *Conner* has not made or offered to make a good deed in fee-simple for the lots to *Way,* as he was bound to do; by means whereof the consideration of the note has wholly failed. Verification.

The plaintiff suggested the death of *Goodrich,* one of the defendants, and the cause proceeded against *Way* alone.

Replication to the above special plea, that *Conner* had conveyed the lots as he was bound to do by his agreement with *Way,* to the acceptance and satisfaction of *Way.* Verification. Rejoinder, that *Conner* had not conveyed by warranty deed in fee-simple to said *Way* the lots in the plea mentioned. Conclusion to the country. Issue thereon.

*Saturday,
December* 18.

There are several other issues in fact which it is not necessary to notice further.

The cause was submitted to the Court and judgment rendered in favour of the plaintiff for the amount of the note.

The record contains all the evidence.

The special plea above described, which is to the whole cause of action, admits the execution of the note and assignment, but alleges that the note was given for the price of two town-lots which the payee had not conveyed or offered to convey as he was bound to do. The replication admits that the consideration of the note was as alleged in the plea, and avers that the payee had conveyed the lots according to the agreement. The rejoinder denies the replication.

These special pleadings raise the question, Had *Conner* conveyed the two lots to *Way?*

It was proved that *Conner* had conveyed lot No. seven to *Way;* but there was no evidence whatever that he had conveyed to him lot No. twelve: on the contrary, the legal title to lot No. twelve was not in *Conner* at the date of the contract, or at any time afterwards. The judgment cannot, under these circumstances, be sustained. Where there are several issues in fact arising from pleas to the whole cause of action, as there are in the present case, the plaintiff cannot recover his demand, unless it appear that he is entitled to recover on all the issues. In this case, the affirmative of the issue on the rejoinder was on the plaintiff. He undertook to prove that both the lots had been conveyed by *Conner* to *Way* according to the contract; and he, failed to prove that fact. On that issue therefore, which was found for the plaintiff, there should be another trial.

We are also of opinion, from an examination of the evidence, that there should be a new trial on the other issues.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Perry,* for the plaintiff.

*J. Smith* and *T. J. Sample,* for the defendant.